By the Court, Cowen, J.
We think the court below, erred. Prima facie all goods upon the demised premises are liable to distress for rent; but the law has made certain exceptions for the benefit of trade and business, within which the 2 R. S. 413, 2d ed. § 15, have brought “ The property of boarders at taverns and boarding-houses.” The general, property in the furniture in question was in the plaintiff below, but was, at the time of the distress, in the actual use of the tenant, without the consent of the landlord, and by the permission of the plaintiff.
" Clearly, the legislature never could have intended to protect the property of the boarder irrespective of his wanting it for his own use, or at least as a place of deposit for his own purposes as a boarder. A contrary construction would enable a man to demise or lend any amount of furniture to the tenant for his purposes; and then, by the former taking up his board at the house, he might cover it against the lessor’s distress. Goods are protected for the purposes of trade; but they can be so only in respect to their immediate use for the purposes of trade by the person in whose favor the exception is made; not where they are lent or demised to the tenant who has them in deposit, though he may in this way be enabled the more effectually to take care of or transport other goods really the subject of trade, unless such lending, &c. be with the consent of the lessor. So the property of the boarder, in order to come within the exception, should pertain to him in the capacity of boarder.
Judgment reversed.